UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IRA RESOURCES, INC. FBO
GARY S. HANN IRA ACCOUNT NO. 21195
BY SOLE BENEFICIARY GARY S. HANN,

       Plaintiff,

vs.                                  Case No. 09-CV-13567
                                   HON. GEORGE CARAM STEEH

DEUTSCHE BANK NATIONAL TRUST, et al.,
Michigan LLC,

       Defendant.

_____/

ORDER GRANTING GARY HANN'S MOTION TO PROCEED
IN FORMA PAUPERIS (#2), AND DISMISSING CLAIMS PURSUANT TO
28 U.S.C. § 1915(e)(2)(B)(i) and (ii)

      Gary Hann filed a pro se complaint on behalf of IRA Resources, Inc., for the benefit of Gary S. Hann IRA Account No. 21195 by sole beneficiary Gary Hann, and his own application to proceed without prepayment of fees on September 10, 2009. Consistent with Hann's accompanying affidavit, the court is persuaded he is unable to pay the fees associated with the filing of the complaint. Accordingly, Hann's application to proceed without the prepayment of fees, or in forma pauperis ("IFP"), is hereby GRANTED. See 28 U.S.C. § 1915(a)(1).

      IRA Resources, Inc. alleges that defendants Deutsche Bank National Trust and G8 Capital Fund VI are the owners of a parcel of property known as 19 S. Grove, Ypsilanti, Michigan 48197. Defendant Adam Butler is allegedly a managing partner of G8 Capital

Fund VI.  Defendants Glenn Silvenis and ReMax Crossroads III are alleged listing agents of the Ypsilanti property.  Western Wayne Oakland County Association of Realtors and Ann Arbor Area Board of Realtors are also named as defendants.  IRA Resources, Inc. alleges that it entered into a non-contingent Purchase Agreement with a "seller" on June 9, 2009 to purchase the Ypsilanti property, depositing $1,000.00 as earnest money with Real Estate One.  IRA Resources, Inc. alleges that "[d]espite no contingencies and ordering a full closing package, defendants refused to show up for closing or to take any mitigating action as permitted by law.  Defendants have ignored all respectful efforts by Plaintiff to proceed and have greatly harmed Plaintiff's ERISA retirement."  Count I alleges violations of "ERISA AND THE IRS CODE."  Count II alleges violations of "REAL ESTATE LAW AND PRACTICE" under Michigan law.  Count III alleges "BREACH OF CONTRACT."  Count IV alleges the defendants violated "federal banking and TARP and TALF and other regulations[.]"  Federal question jurisdiction is invoked premised on "the Internal Revenue Code and ERISA and banking law . . . , purely federal laws[.]"

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), this court must dismiss IRA Resources, Inc.'s IFP claims upon determining that the claims are frivolous or fail to state a claim on which relief may be granted.  McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir. 1997).  To state an actionable claim upon which relief may be granted, the claim's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (citing Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007)).  The claim for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." Id. (quoting Bell Atlantic, 127 S. Ct. at 1964-65) (citations and quotations omitted).

Only natural persons may apply for IFP status. Rowland v. California Men's Colony, Unit II Men's Advisory Counsel, 506 U.S. 194, 196 (1993). Further, "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." Id. at 201-202. Although the court has approved Gary Hann's application for IFP status, plaintiff IRA Resources, Inc. cannot appear in this court through Hann; Hann does not represent that he is a licensed attorney. Id. For this reason alone, IRA Resources, Inc.'s complaint must be dismissed.

Alternatively, IRA Resources, Inc.'s claims are subject to dismissal as frivolous and for failing to state a claim on which relief may be granted. The complaint does not allege a plausible claim under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., the "IRS CODE" or "federal banking and TARP and TALF and other regulations[.]" Plaintiff's mere conclusionary invocation of federal laws and regulations is insufficient to allege a plausible federal claim. Ass'n of Cleveland Fire Fighters, 502 F.3d at 548.

In summary, IRA Resources, Inc. cannot appear in this action through IFP applicant Gary Hann as a matter of law. Rowland, 506 U.S. at 201-202. IRA Resources, Inc.'s complaint also fails to state a federal claim upon which relief may be granted. Ass'n of Cleveland Fire Fighters, 502 F.3d at 548. IRA Resources, Inc.'s attempt to turn an allegedly failed real estate transaction into a federal claim is also frivolous. Pursuant to § 1915(e)(2)(B)(i) and (ii), IRA Resources, Inc.'s federal claims must be dismissed. McGore, 114 F.3d at 612. This court lacks federal question subject matter jurisdiction over IRA Resources, Inc.'s remaining state law claims. Accordingly,

Plaintiff IRA Resources, Inc.'s federal claims are hereby DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  IRA Resources, Inc.'s state law claims are hereby DISMISSED without prejudice for lack of federal subject matter jurisdiction.

SO ORDERED.

Dated:  September 14, 2009

>s/George Caram Steeh
>GEORGE CARAM STEEH
>UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 14, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---

4